In the Matter of the Claim of MICHAEL KANZAR, Respondent, against ACORN MANUFACTURING COMPANY et al., Appellants.

**Workmen's Compensation Law** — award of compensation for two hundred and forty-four weeks for loss of hand, reduced.

Facts examined, and *held*, that there is no evidence in the record supporting the finding of the commission that the claimant had lost the use of his left hand. The claim being clearly within the provisions of the act, the sole question is the rate of compensation awarded. Hence, no presumption exists in his favor under the provision of section 21 of the law (Cons. Laws, ch. 67) as to the nature and extent of the injury.

*Matter of Kanzar* v. *Acorn Mfg. Co.*, 173 App. Div. 988, modified.

(Argued October 9, 1916; decided November 28, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 16, 1916, affirming an award of the state industrial commission under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Andrew J. Nellis, Merwyn H. Nellis* and *James B. Henney* for appellants. There is no evidence of any kind to support the finding that claimant has lost the use of his hand. (*Matter of Petrie*, 215 N. Y. 335; *G. W. Helme Co.* v. *Common Pleas*, 87 Atl. Rep. 72; *Cunningham* v. *B. C. & B. Rolling Mills*, 155 N. Y. Supp. 797.)

*Egburt E. Woodbury, Attorney-General (E. C. Aiken* of counsel), for respondent.

COLLIN, J. This appeal was argued with that in *Matter of Grammici* v. *Zinn* (219 N. Y. 322), which is decided herewith. The claimant here, as in the *Grammici* case, was awarded the compensation for the loss of the use of the hand. The award was affirmed by the Appellate Division by a decision not unanimous.

A finding of the commission is that "his (claimant's) left hand accidentally slipped into the press, resulting in

a traumatic amputation of the first and second phalanges of the first, second and third fingers, and of the distal phalange of the fourth or little finger of the left hand. By reason of these injuries, Michael Kanzar has lost the use of his left hand."

The record contains the notice to the employer of the injury, made pursuant to section 18 of the law, the report to the commission of the employer of the injury, made pursuant to section 111, the claim for compensation presented to the commission pursuant to section 20, the reports to the commission of two physicians attending the claimant on account of his injuries, and the report to the commission of the physician making the medical examination, pursuant to section 19. Upon the hearing by the commission, pursuant to section 20, no witness was present and called. There is not in the record any evidence supporting the finding of the commission that the claimant had lost the use of his left hand. The brief of the respondent states: "In this case there was no evidence taken. The finding is based upon the reports of the employer, the employee and the medical reports so that there is a presumption under section 21 to sustain the finding of fact of the commission that the claimant lost the use of his left hand." Section 21 (Cons. Laws, ch. 67) is:

"In any proceeding for the enforcement of a claim for compensation under this chapter, it shall be presumed in the absence of substantial evidence to the contrary

"1. That the claim comes within the provision of this chapter;

"2. That sufficient notice thereof was given;

"3. That the injury was not occasioned by the willful intention of the injured employee to bring about the injury or death of himself or of another;

"4. That the injury did not result solely from the intoxication of the injured employee while on duty."

Any presumption thereby created has, manifestly, no

relation to the question here, which is, is there any evidence that the claim, which is concededly and unquestionably within the provisions of the chapter, was entitled to the rate of compensation awarded.

Upon the authority of *Matter of Grammici* v. *Zinn* (219 N. Y. 322), the order should be modified by reducing the award to one hundred eight and one-half weeks, and as so modified affirmed, with costs to the appellants against the commission.

HISCOCK, CHASE and CUDDEBACK, JJ., concur; HOGAN and CARDOZO, JJ., dissent; WILLARD BARTLETT, Ch. J., not voting.

Ordered accordingly.