Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FRANK SUPPLE, Respondent, for Compensation under the Workmen's Compensation Law, *v.* ERIE RAILROAD COMPANY, Employer and Self-Insurer, Appellant.

Third Department, November 14, 1917.

**Workmen's Compensation Law — evidence not establishing loss of finger — award.**

Evidence examined, and *held,* insufficient to sustain a finding of the State Industrial Commission that the index finger of the right hand of the claimant became infected and resulted in an ankylosis, thereby causing a permanent loss of the use of that finger.

Even if there was a permanent loss of the use of the finger, as the accident occurred prior to the amendment to subdivision 3 of section 15 of the Workmen's Compensation Law, making the permanent loss of the use of the finger equivalent to the loss of such finger, it was error to make an award of sixty-six and two-thirds per centum of the average weekly wages of the employee for a period of forty-six weeks for the equivalent of the loss of the finger.   An award should have been made for sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment, or otherwise payable during the continuance of such partial disability, subject to the qualification that such compensation cannot exceed that for the loss of the finger.

APPEAL by the defendant, Erie Railroad Company, from an award of the State Industrial Commission, entered in the office of said Commission on the 25th day of October, 1916.

*Moot, Sprague, Brownell & Marcy* [*James C. Sweeney* of counsel], for the appellant.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

Cochrane, J.:

The claimant was injured May 5, 1916. The finding of the Commission is that " the index finger of his right hand became infected and resulted in an ankylosis, thereby causing a permanent loss of use of that finger." On this finding an award of compensation was made by the Commission of sixty-six and two-thirds per centum of the average weekly wages of the employee for a period of forty-six weeks " for the equivalent of the loss of the index finger of the right hand."

No witness was examined on the hearing before the Commission. There is no evidence supporting the finding that the claimant has sustained a loss of use of his finger. The employer's first report of injury states as the injury to the claimant that the skin was broken on the second and third fingers on the right hand and that the injury did not cause loss of any member or part of member. The attending physician's report contains the following questions and answers: " Give an accurate description of the nature and extent of the injury. Infected finger, left hand, and necrosed bone. * * * Has the injury resulted in a permanent disability or disfigurement of head or face? No. If so, what? (Permanent disability, such as loss of whole or parts of fingers, etc., must be accurately marked on diagram.) Stiff fingers. * * * For what period, from the date of accident (not from date of this report) is disability likely to exist? Twelve weeks." In the employee's claim for compensation to the Commission he states that he estimates his disability will continue for the remainder of his life, and that his daily earnings have been reduced by the injury twenty-five cents per day, and in his claim to the employer for compensation the employee stated that his index finger was " permanently disabled, being stiff." This is all the evidence disclosed by the record. It will be observed that the Commission accepted the claimant's own opinion that his finger was permanently disabled in preference to the opinion of the attending physician that the disability

was likely to exist twelve weeks, although this was not a physician furnished by the employer. Assuming, however, that there is evidence of a permanent disability in the use of the index finger, there is not a scintilla of evidence that such disability is equivalent to the loss of that finger, or even remotely approximates thereto. The claimant has stated that his finger is " permanently disabled, being stiff," and this statement has been deemed worthy by the Commission whereon to predicate their finding of a permanent ankylosis, although the only medical evidence in the case is to the contrary. But there is no evidence remote or otherwise that this permanent ankylosis is of such a character as to render useless the finger or destroy its efficiency. No presumption safeguards the finding of the Commission as to the extent of the injury or the rate of compensation to be awarded. (*Matter of Kanzar* v. *Acorn Manufacturing Co.*, 219 N. Y. 326.) If the injured finger can fulfill " in a degree fair and worth considering, in any employment for which the claimant was physically and mentally fitted or adaptive, its normal and natural functions," it is not lost. (*Matter of Grammici* v. *Zinn*, 219 N. Y. 322; *Matter of Kanzar* v. *Acorn Manufacturing Co.*, *supra*.) It does not appear in this case that the injured finger cannot partially and in a fair degree fulfill its normal and natural functions. The ankylosis may relate only to a single joint and that only to a very slight extent.

We think also that even if there is a permanent loss of the use of the finger, an improper rate of compensation has been adopted. The statute by amendment since the accident provides that " permanent loss of the use of a hand, arm, foot, leg, eye, thumb, finger, toe or phalange, shall be considered as the equivalent of the loss of such hand, arm, foot, leg, eye, thumb, finger, toe or phalange." (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 15, subd. 3, as amd. by Laws of 1916, chap. 622. See, also, Laws of 1917, chap. 705, amdg. said § 15, subd. 3.) Under the statute as it was at the time of the accident a finger was not included in that category. An award has been erroneously made for the equivalent of the loss of the index finger. The case of the claimant falls within another part of the statute (§ 15, subd. 3) regulating "Other cases," which provides that " the compensation shall

be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability," subject to the qualification that such compensation cannot exceed that for the loss of a finger. (*Matter of Feinman* v. *Albert Manufacturing Co.*, 170 App. Div. 147. See, also, *Sugg* v. *Erie Railroad Co.*, 180 id. 133, decided herewith.)

The award should be reversed, and the proceeding remitted to the Commission.

All concurred.

Award reversed and proceeding remitted to the Commission.