Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of WILLIAM FRANCIS KNIGHT, Respondent, for Compensation under the Workmen's Compensation Law, *v.* FRANK L. FERGUSON, Employer, Appellant.

Third Department, November 16, 1921.

Workmen's Compensation Law — award — award made under § 15, subd. 3, last paragraph, entitled "other cases," where claimant suffered permanent injury to thorax nerve so that he could not raise his arms above horizontal position but was able to work — award improper which, together with wages, gives claimant income of thirty-three and one-third per cent more than he was earning before injury — claimant not bound to accept work at his former wage.

Where a carpenter, earning sixty-eight cents per hour, fell, in the course of his employment, and permanently injured the thorax nerve so that he can only raise his arms to about a horizontal position, and it appears that there is no other injury to the arm, elbow, hand or fingers, and that he is earning fifty-one cents per hour, an award should be made under the last paragraph of subdivision 3 of section 15 of the Workmen's Compensa-

tion Law, entitled " Other cases," which provides that " the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon application of any party in interest."

It was improper to give the claimant an award which, together with his wages, provided an income of practically thirty-three and one-third per cent more than he was earning before the injury.

The refusal of the claimant to accept work at his former wage was not a sufficient ground for the dismissal of his claim.

APPEAL by the defendant, Frank L. Ferguson, from an award of the State Industrial Commission, made on or about the 8th day of February, 1921.

*Edward P. Lyon*, for the appellant.

*Charles D. Newton*, Attorney-General [*E. C. Aiken*, Deputy Attorney-General, of counsel], for the respondent State Industrial Commission.

*Harry H. Thurlow*, for the claimant, respondent.

KILEY, J.:

On May 26, 1919, the claimant was at work for appellant who was a contractor, operating at Jamaica, Long Island, N. Y. He was working at carpenter work, and received wages at the rate of sixty-eight cents an hour. On the day aforesaid he was shingling the eaves of a house and fell to the ground below. Such fall fractured the cervical vertebræ, resulting in a permanent bilateral deformity and involved the posterior thorax nerve which supplied serratus magnus muscle. This description means that fracturing the vertebræ in the back of the neck (spinal column) destroyed the nerve, which is the nerve that contracts the muscles that make possible the raising and lowering of the arms. Claimant can only raise his arms to about a horizontal position. The evidence is sufficient for the finding that claimant received such injury and that its result was as above stated. There was no injury by direct contact with the arms, no physical injury aside from the nerve injury. On suggestion from the Commission,

and before any formal decision was entered, the employer paid to claimant money at different times. Several awards were then made on the basis of reduced earnings. The claimant had recovered sufficiently to do light work but at reduced wages. On November 12, 1920, the Commission rescinded all previous awards made claimant and made a new award to claimant of twenty dollars per week for 249.6 weeks, " The same being for forty per cent loss of use of both arms." At the time such award was made claimant was earning fifty-one cents an hour, or twenty-two dollars and forty-five cents a week. This award gives claimant an income of forty-two dollars and forty-five cents, or practically thirty-three and one-third per cent more than he was earning before injury. It may be urged that, if he had suffered a physical injury, in contradistinction to an injury to a nerve in the back of his neck which controls the arm motion, he would in that case be allowed and receive the same compensation as here allowed to him; but under such circumstances his wage-earning capacity generally would have been reduced so that he could not have earned fifty-one cents an hour after the injury; it would have been much less, and the figure as a basis to compare with the sixty-eight cents per hour, the pre-injury wage, would have been less, and by reason thereof would have come under the other provision of section 15, subdivision 3, of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705).* As it works out now the injury was greatly to his advantage from a financial point of view. He can use his arms to work now as well as ever except in the one capacity of elevation above his head or above a horizontal line. Such result as reached here could not have been within the original conception and final framing of the statute by our lawmakers. In *Matter of Grammici v. Zinn* (219 N. Y. 322) the claimant lost the first, second and third fingers and the first phalange of the fourth finger of the right hand. The Commission finally awarded for the permanent loss of the use of the hand. It was affirmed in the Appellate Division (173 App. Div. 922). The Court of

---

* Since amd. by Laws of 1920, chaps. 532, 533. See, also, Laws of 1920, chap. 534.— [REP.

Appeals reversed and held that, because the claimant was incapaciated from following his former occupation or vocation it did not follow nor tend to prove that the hand or the use of it was lost. Here there is no injury to the arm, elbow, hand or fingers except such as comes from the injured nerve; all are growing stronger, except the nerve, injury to which is permanent. The evidence tends to show that all functioning parts will return to normal, except the limitation on the upward motion of the arms. If that anticipation is realized then there should be some way to adjust the compensation claimant shall receive as conditions change; it cannot be done under this award. Claimant is asking for a commutation of the award into a lump sum, and should he be indulged in that quest, and finally become able to earn more than before the injury, where would justice to all parties obtain? This award should have been made under the last clause of section 15, subdivision 3, which provides that "the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon application of any party in interest." I do not find a parallel case; but in addition to the Court of Appeals decision above cited we have numerous cases where it is held that awards should have been made under the subdivision of section 15 above quoted. (*Supple* v. *Erie R. R. Co.*, 180 App. Div. 135; *Behrens* v. *Stevens Co.*, 188 id. 66.) If this case does not come under the subdivision of the section above quoted it is hard to conceive what cases it is intended to cover.

The appellant further urges that he offered claimant work at his former wage which he refused to accept, and, therefore, the claim should be dismissed. Claimant has a permanent disability which at present and in his present occupation impairs his earning power. To hold he must accept any work offered him or lose the compensation that he is actually entitled to, would be a great injustice. His reason for non-acceptance, while not the most practical, is sufficient. He is entitled to compensation as above indicated, viz., to be computed

under the provisions of section 15, subdivision 3, last clause of that subdivision designated as " Other cases." The award should be reversed and the matter sent back to the Commission with instruction to make another award in accordance with this opinion.

John M. Kellogg, P. J., Cochrane, H. T. Kellogg and Van Kirk, JJ., concur.

Award reversed and matter remitted to the State Industrial Board.