## CENTURY INDEMNITY CO. et al. v. CHAMBERLAIN et al.

No. 21969.   Opinion Filed Oct. 13, 1931.

H. C. Thurman and Byrne A. Bowman, for petitioners.

Cooke & Jackson, G. G. McBride, and A. L. Jeffrey, for respondent C. S. Chamberlain.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

CULLISON, J. This is an original action to review an order and award of the State Industrial Commission. Parties will be referred to as they appear in this court. C. S. Chamberlain was injured July 26, 1930, while working on a drilling rig for his employer, John E. Mabee, Inc. A turnbuckle on the tongs came loose, striking respondent, and bruising and lacerating his scrotum. Respondent notified petitioners and was furnished medical treatment, including an operation, until September 15, 1930, when a stipulation and receipt settling for temporary total disability was executed by respondent and petitioners, and filed with the Commission ten days later. This settlement was approved by an order of the Commission October 1, 1930, which closed the case.

On October 6, 1930, respondent filed a motion to reopen the case, alleging that he had sustained a permanent disability as a result of the injury and asked for a hearing. A hearing was had November 6, 1930, on the motion to reopen the case, after the aforementioned settlement, on the ground of a change in condition. An award was entered in favor of respondent November 10, 1930, containing the following findings of fact:

"(1) That on July 26, 1930, claimant, C. S. Chamberlain was in the employment of the respondent John E. Mabee, and engaged in a hazardous occupation, covered by and subject to the provisions of the Workmen's Compensation Law; that, in the course of and arising out of his employment, said claimant, on July 26, 1930, sustained an accidental personal injury to his scrotum; lacerating and bruising same, which resulted in permanent partial disability from the date of the accident.

"(2) That the average wage of claimant at the time of the accident was $7 per day.

"(3) That as a result of said accident claimant was paid compensation in the sum of $126, for a period of seven weeks beyond the five days' waiting period.

"(4) That as a result of said accident claimant's wage-earning capacity thereafter has decreased fifty per cent. (50%) and that there is now due claimant 7 weeks' and 4 days' compensation, computed from September 17, 1930, to November 10, 1930, in the total sum of $138.

"(5) That by reason of claimant's permanent partial disability, as aforesaid, claimant is entitled to sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter, in the same employment, payable during the continuance of such partial disability, not to exceed 300 weeks."

Said award continued:

"The Commission is of the opinion: That, on consideration of the foregoing facts, that claimant is entitled to compensation at the rate of $13.46 per week for a period not to exceed 300 weeks from July 26, 1930, subject to reconsideration of the degree of such impairment by the Commission on its own motion, or upon the application of any party in interest, less the period of seven weeks during which time the claimant has heretofore received compensation. That there is now due claimant a total of seven weeks' and four days' compensation, in the total sum of $138 computed from September 17, 1930, to November 10, 1930.

"It is therefore ordered: That within 15 days from this date the respondent John E. Mabee, or its insurance carrier, Century Indemnity Company, pay to the claimant, C. S. Chamberlain, the sum of $138, being 7 weeks' and 4 days' compensation, computed from September 17, 1930, to November 10, 1930, and to continue compensation thereafter at the rate of $13.46 per week until the period of 300 weeks has been paid, or until otherwise ordered by the Commission, also pay all medical expenses incurred by the claimant as a result of said injury. * * *"

Petitioners apply to this court for a review of said award and set forth three assignments of error:

### Proposition One.

"The implied finding of the Industrial Commission that the claimant (respondent herein) was temporarily totally disabled from September 17, 1930, until November 10, 1930, and its order requiring his employer and insurance carrier (petitioners herein) to pay him compensation for such a disability during such period, are not reasonably supported by any evidence and are contrary to law."

Petitioners contend: That the order of the Commission made November 10, 1930, implies that the compensation awarded was for temporary total disability and that the Commission attempted to award compensa-

tion for temporary total disability. In support of the above contention, petitioners say that on October 1, 1930, the Commission did make an order awarding claimant compensation for temporary total disability; approved a stipulation settlement for temporary total disability; and that the Commission had no jurisdiction to award the amount of compensation found to be due September 17th to November 10, 1930.

Paragraph No. 1 of the Commission's finding reads in part as follows:

"* * * Said claimant, on July 26, 1930, sustained an accidental personal injury to his scrotum; lacerating and bruising same, which resulted in permanent partial disability from the date of the accident." (Finding No. 1, supra.)

The Commission having found that claimant was entitled to compensation for permanent partial disability, it necessarily follows that the Commission should have based the amount of compensation allowed upon the schedule providing compensation for permanent partial disability.

The amount of compensation allowed by the Commission to the claimant for permanent partial disability from September 17th to November 10, 1930, as shown by the record, is $138, which amount is in excess of the amount which should have been allowed for permanent partial disability. The amount which should have been allowed by the Commission under its finding No. 4 should have been $103.54. C. S. Chamberlain, claimant below, and the State Industrial Commission, corespondents herein, confess error in the Commission's award wherein the compensation due thereunder at the date of the trial was computed to be $138. They conceded that this should have been $103.54. (See brief of respondents, pages 3, 20.)

Petitioners' second and third assignments of error.

### Proposition Two.

"The implied finding of the Industrial Commission that the claimant suffered a change in his condition by being totally disabled for a longer period than for which he settled, and by becoming permanently partially disabled, due to the original injury, is not reasonably supported by any evidence and is contrary to law."

### Proposition Three.

"The Commission's finding that the claimant's wage-earning capacity was decreased and its order requiring his employer and insurance carrier to pay him compensation at the rate of sixty-six and two-thirds per cent.

of the difference between his average weekly wages and his wage-earning capacity thereafter, in the same employment, being $13.46 per week, are not reasonably supported by any evidence and are contrary to law."

After a careful examination of the record, we are forced to hold that there was evidence sufficient to support the findings upon which the award is based. There was a sharp conflict in the testimony, but under the rule as laid down in Nash-Finch Co. v. Olen M. Harned, 141 Okla. 187, 284 P. 633, the same will not be disturbed.

"In an action to review an award and judgment of the State Industrial Commission, this court will not review conflicting evidence and determine the weight and value thereof, and where the judgment and award of the Industrial Commission is supported by competent evidence, the same will not be disturbed by this court on review."

The Commission is hereby directed to modify the award made under the fourth finding from $138 to $103.54, and said award, as modified, is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.