### LANGLEY v. MAGNOLIA PETROLEUM CO. et al.

No. 22621.    Opinion Filed Jan. 19, 1932.

Rehearing Denied Feb. 9, 1932.

Leo. J. Williams and M. J. Parmenter, for petitioner.

J. Berry King, Atty. Gen., B. B. Blakeney, Hubert Ambrister and W. R. Wallace, for respondents.

SWINDALL, J. The petitioner was injured on December 21, 1929, by receiving severe burns about the face and hands, and alleged he had a partial loss of the use of the wrist. Employee's first notice of injury and claim for compensation was filed February 24, 1930, in which the petitioner alleges the nature and extent of the injury to be severe burns about the face and hand; permanent disfigurement and stiff wrist; partial loss of use of wrist. A hearing was held on April 18, 1930, at which hearing counsel for Magnolia Petroleum Company admitted the accident and liability, and counsel for each party admitted that the disabiltiy to petitioner's eyes amounted to 8¾ per cent. disability to each eye, and evidence was introduced as to other disability. On April 19, 1930, the State Industrial Commission found from the agreements entered in the record and the evidence offered:

"That on the 21 day of December, 1929, claimant, Clifford B. Langley, was in the employ of said respondent, and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date sustained an accidental injury, arising out of and in the course of his employment. That by reason of said accidental injury said claimant sustained 8¾ per cent. loss of sight or vision of each eye. That as a result of the aforementioned accidental injury, said claimant received severe burns about the face, neck, and hands, which have resulted in serious and permanent disfigurement to claimant's face and hands."

Upon said finding of fact, the Commission awarded the claimant compensation for temporary total disability from the date of the accident up to April 1, 1930, less the five-day waiting period, and $800 for serious and permanent disfigurement to. said claimant's face and hands. From this award no petition to review was filed.

On October 3, 1930, claimant filed a motion to reopen case and award further compensation on the grounds of a change in conditions. This motion was set for hearing on July 8, 1931, and evidence offered in support thereof. The respondent Magnolia Petroleum Company, by its counsel, demurred to the evidence offered by claimant. The Commission sustained the demurrer, and the claimant has filed this proceeding to review the order of the State Industrial Commission finding that the claimant, petitioner herein, failed to sustain the allegations of his motion that there had been a change in the condition of the claimant since the date of the original award. We have carefully examined the record and fail to find any competent evidence showing a change in the condition of the claimant since the date of the award of April 19, 1930.

Proceedings in Supreme Court to review Industrial Commission's order is to review errors of law, not of fact. Industrial Commission's fact finding is conclusive and will not be vacated if supported by any competent evidence.

Order refusing to reopen cause and award further compensation on grounds of change in condition affirmed.

CLARK, V. C. J., and HEFNER, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and RILEY, J., absent.