## COAL CREEK COAL CO. v. DANLEY et al.

No. 22559. Opinion Filed Jan. 26, 1932.

W. E. Foster and C. J. Pinkston, for petitioner.

Anton Koch, for respondents.

SWINDALL, J. On June 6, 1931, the State Industrial Commission made and entered an award in favor of the respondent W. W. Danley, and against the petitioner, Coal Creek Coal Company, in which it found:

"(1) That, on and prior to January 9, 1930, claimant was in the employ of respondent herein and engaged in a hazardous occupation as the same is defined by the Workmen's Compensation Law of the state

of Oklahoma, resulting in a bruise to claimant's left knee, sustained while in the course of his employment with respondent.

"(2) That the claimant was temporarily totally disabled from January 9, 1930, to February 9, 1930, for which he received compensation in the amount of $66.

"(3) That the average daily wage of claimant at the date of said personal injury was $5 per day.

"The Commission is of the opinion, from a consideration of the above facts, that claimant is entitled to compensation for 10 per cent. loss of use of the left leg, being equal to 17 weeks and three days at the rate of $18 per week, amounting to $315.

"It is therefore hereby ordered by the Commission, that within 15 days from date, respondent pay to claimant compensation for 10 per cent. loss of use of the left foot, being equal to 17 weeks and 3 days at the rate of $18 per week, and amounting to $315, and all medical bills incurred as a result of said accidental injury."

This proceeding is brought to review the award of the State Industrial Commission upon the ground that there is no competent evidence to sustain the award. It is admitted that the respondents received the accidental personal injury complained of and was temporarily totally disabled from January 9 to February 9, 1930, for which he received compensation in the amount of $66, but it is contended by petitioner that no permanent injury resulted. The claimant, respondent herein, testified concerning the injury to his left knee, and that as a result thereof he does not have as good use of his left lower limb as he had before the operation on his left knee. Dr. N. N. Simpson testified on behalf of respondent Danley, and being asked concerning the result of his physical examination of the respondent and what he found, he answered as follows:

"He was injured while working for the Coal Creek Company on the 24th day of October, 1928, while working in a three feet eight-inch vein of coal where all coal miners have to work on their knees. He bruised his right knee, bruising the bursa and causing it to inflame. He was put under the care of Dr. Bollinger of Henryetta, Okla., and Dr. Bollinger operated the knee on the 25th day of October, 1928, by lancing the knee in two places and draining out the fluid. He was ordered to return to work on the 13th day of November, 1928. States that he was unable to place his right knee on the bottom and continued to work in that condition until the 9th day of January, 1930, at which time he bruised his left knee. At this time he was placed under the care of

Dr. Sadler of Henryetta, Okla., who, on the 18th day of March, 1930, operated the knee by incising the same in a U shape one-half the way around the kneecap. The operation extending down the patella about one and one-fourth inches and to the middle of the inner side of the kneecap. He states that after he was released by the doctor, he was unable to procure employment from the same company and has not been able to work since that date."

Continuing, the witness testified:

"Objective Exemptions: Right knee: Two bluish circular scars with a light joint crepitus, just below and under patella. Tenderness on both scars on pressure. There is another scar at the lower and inner side of the patella, which is the result of a drainage wound. There is chronic inflammation of the synovial membrane with probable chronic arthritis precipitated by the injury. No effusion detectable. He is unable to work at his mining occupation on his knee. Tenderness elicited on palpitation on the three scars.

"Left knee: U shape scar beginning at a point on the outer side of the middle of the patella coming below the patella one and one-half inches and stopping at a point about the middle of the inner side of the patella about one and one-half inches inferior to patella. Some crepitus elicited by the examining finger on that portion of the tendon extending from the patella. Intermittent pressure on the lower part of the patella, transmits crepitus to the examining finger, crepitus being of a dry nature indicating insufficient amount of synovial fluid from previous synosis or removal of fluid. He flinches on palpitating indicating tenderness.

"Extent of Disability: It is my opinion that this man is unable to do any kind of mining work that requires him to be on his knees, and for other ordinary manual labor, he has twenty (20%) per cent. loss of the use of the right leg or knee, and ten (10%) per cent. loss of the use of the left leg or knee. This condition is permanent, and it is my opinion that it is the result of the injuries received on the given dates."

The claimant exhibited the scars indicated in the doctors' testimony to the Commission, and the Industrial Commission examined them and dictated in the record a description of the scars as observed by it. Dr. I. W. Bollinger testified that the respondent Danley had no permanent disability at the date of his examination on January 27, 1930. Dr. Sadler, who performed the operation on the left knee, testified that in his opinion the claimant was able to go into a coal mine and perform ordinary mining at the time of the hearing before the Commission.

It is well settled in this state that the Industrial Commission's fact finding is conclusive and will not be vacated if supported by any competent evidence. Proceedings in the Supreme Court to review Industrial Commission's order are to review errors of law, not of fact. We cannot say that there is no competent evidence to sustain the award of the State Industrial Commission.

The award is accordingly affirmed.

CLARK, V. C. J., and RILEY, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and HEFNER, J., absent.