## PLANTERS GIN CO. et al. v. McCURLEY et al.

No. 23246. Opinion Filed May 31, 1932.

Owen & Looney and Paul N. Lindsey, for petitioners.

Sanford Babcock and Robert D. Crowe, Asst. Atty. Gen., for respondents.

SWINDALL, J. This is an original action to review an order and award of the State Industrial Commission made on the 5th day of December, 1931, and corrected on the 17th day of December, 1931, in favor of claimant, Leonard L. McCurley. Said award contains in part the following findings of fact:

"(3) That by reason of said accidental injury the claimant was temporarily totally disabled from the performance of ordinary manual labor from September 11, 1930, to December 31, 1930, or for 15 weeks and two

days beyond the five days waiting period for which he has been paid $276.

"(4) That since the award of temporary compensation was made there has been a change of condition, and that at this time the claimant has sustained 40 per cent. permanent partial loss of the use of the left hand."

Upon its findings the Commission made an award allowing the claimant, Leonard L. McCurley, "Eighty weeks' compensation at the rate of $18 per week, or a total of $1,440, on account of 40 per cent. permanent partial loss of the use of the left hand."

The petitioners base their action to review upon two propositions, the second of which is that there was no evidence to support the finding that the injury was to the left hand, the uncontradicted evidence being that the injury was to the right hand. It was stipulated by counsel for both parties before the Commission and is admitted in the brief of the respondent that the injury was to the right hand solely. Therefore, upon the authority of Century Indemnity Company v. C. S. Chamberlain, 152 Okla. 158, 4 P. (2d) 79, the award is hereby corrected to refer to the right hand.

The petitioners' first proposition is as follows:

"The Commission erred in finding that the claimant had a disability to the hand and awarding compensation accordingly, when the only injury was to the fingers."

The evidence shows that McCurley caught his fingers of his right hand in a cotton gin saw and thereby suffered severe cuts and lacerated wounds to the 1st, 2nd, 3rd, and 4th fingers. It further shows that as a result thereof there is a condition of "adhesions of scars to tendons making tight grip on palm impossible"; that the fingers are stiff; and that he cannot grip anything much smaller than a person's wrist. Also, that there is tenderness in spots; and that the circulation of the hand is impaired. We find no evidence of injury causing disability in the metacarpus of the hand unless the fact that the circulation therein is somewhat impaired can be considered as such. Otherwise, the entire disability consists in the loss of gripping power as a result of the injury to the fingers. If this disability can be measured, under the Workmen's Compensation Law of this state, by a percentage of the loss of use of the hand, there is evidence to support the finding of the Commission that the claimant has suffered 40 per cent. loss of use of his hand. So, if affirmatively answered, this question is decisive of the case before us.

Section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws 1923, provides, among other things, as follows:

"The following schedule of compensation is hereby established: * * *

"3. Permanent Partial Disability. In case of disability partial in character but permanent in quality the compensation shall be 66⅔ per centum of the average weekly wages, and shall be paid to the employee for the period named in the schedule as follows:

"Thumb: For the loss of a thumb, 60 weeks.

"First Finger: For the loss of the first finger, commonly called the index finger, 35 weeks.

"Second Finger: For the loss of second finger, 30 weeks.

"Third Finger: For the loss of a third finger, 20 weeks.

"Fourth Finger: For the loss of a fourth finger, commonly called the little finger, 15 weeks.

"Phalange of Thumb or Finger: The loss of first phalange of the thumb or finger shall be considered equal to the loss of one-half of such thumb or finger, and compensation shall be one-half of the amount above specified; the loss of more than one phalange shall be considered as the loss of the entire thumb or finger; provided, however, that in no case shall the amount received for more than one finger exceed the amount provided in this schedule for the loss of a hand. * * *

"Hand: For the loss of a hand, 200 weeks. * * *

"Loss of use. Permanent loss of use of a thumb, finger, toe, arm, hand, foot, leg, or eye, shall be considered as the equivalent of the loss of such thumb, finger, toe, hand, arm, foot, leg or eye.

"For the permanent partial loss of use of a member, or sight of an eye, 66⅔ per centum of the average weekly wage during that portion of the numbers of weeks in the foregoing schedule provided for the loss of such member or sight of an eye which the partial loss of use thereof bears to the total loss of use of such member of sight of an eye."

The petitioners contend that under this statute the State Industrial Commission did "not have a right to award compensation for a disability to the hand where the only injury was to the fingers." Their contention rests on the theory that the Legislature has determined the degree of disability suffered by the loss of each of the specific fingers and that no matter how many of these fingers are injured the award must be made by adding the sums provided for each finger. We do not so construe the statute.

It provides specific compensation for the loss of specific members, including the fingers, or phalanges thereof, and the hand. No provision is made for the loss of specific portions of the hand less than the whole, as in the case of fingers, for obvious reasons, but the act provides that the loss of use of the hand shall be equivalent to the loss of the hand, and contains a general provision covering the partial loss of use of a member and providing a measure for the compensation to be awarded for such partial loss of use. It further provides "that in no case shall the amount received for more than one finger exceed the amount provided in this schedule for the loss of a hand." When these provisions are considered together and in the light of the purpose of the act to compensate in proportion to the disability suffered, we think it clear that they form a symmetrical system for compensation following the degree of disability which progresses from a phalange of a finger to a total loss of a hand. The matter for determination here is under which of these the loss of more than one finger falls. It is patent that the compensation provided for one finger, standing alone, may be adequate for that loss, but if a large number of fingers are lost, there may be a partial or total disability of the hand for any labor for which the workman is adapted. It seems to us that the Legislature anticipated this when it provided for the loss of use of a member or the partial loss of use of a member immediately following the schedule of the specific members; and it must have had this in mind when it provided that in no event should the amount received for more than one finger exceed the amount provided for the loss of a hand, because the schedule amounts fixed for all of the fingers and the thumb if added are less than the amount fixed for the loss of a hand. We, therefore, hold that where more than one finger is lost, the State Industrial Commission is authorized to award compensation upon the basis of disability to the hand.

The petitioners cite only one case, Cox v. State Industrial Commission, 140 Okla. 59, 282 P. 610, which they contend supports their theory. That was a proceeding to review a final order of the Commission refusing to reopen an award wherein the petitioner had theretofore been allowed compensation for the loss of his index finger, his second finger, and a partial loss of his ring finger, on his left hand. The petitioner contended that as a result of said accident he had also sustained a partial loss of the use of his hand. That case is not in conflict with this decision nor in point here,

for the reason that therein the Commission itself found no evidence of any injury to the hand, and this court merely sustained their finding. Whether or not the loss of the fingers constitutes a disability to the hand incapacitating the workman from labor for which he is mentally and physically adapted, is clearly a question of fact for the Commission, and the Commission's findings of fact will not be disturbed in this court if there is any competent evidence to support the same. Coal Creek Coal Co. v. Danley, 154 Okla. 237, 7 P. (2d) 470; Langley v. Magnolia Petroleum Co., 154 Okla. 274, 7 P. (2d) 679. However, the second syllabus paragraph of that case is expressed in language which does seem to carry beyond its facts, and in so far as it is in conflict with the rule announced in this opinion it is hereby disapproved.

The respondents cite a number of cases decided by this court which they contend support their view, but a careful reading of those cases shows that in each instance there was a definite physical injury to the metacarpus of the hand. Where such is the case and the Commission has found that the injury constituted a disability to the hand, there would seem to be no doubt under any view of the statute that the award was proper. Respondents also cite cases from other jurisdictions, one of which is directly in point and which holds to the views herein expressed under a similar statute: North Beck Mining Co. v. Industrial Commission (Utah) 200 P. 111. In that case the Utah court said:

"It is a matter of common knowledge that if one finger on a hand is amputated the adjoining fingers begin to function for the missing member, and soon acquire the power, to a great extent, of taking the place of the lost finger. It follows that the loss of two adjoining fingers must necessarily be something more than the sum of the loss of each finger separately. If all of the fingers of a hand are amputated it would not amount to the total loss of the use of the hand, because the palm of the hand would still be of some use. But it would not be fair, and we do not think it was intended by the statute, as amended in 1919, to compensate for the loss of all the fingers by adding the scheduled benefits for the loss of each finger. In 1919 the law was amended by adding to the schedule for specific losses this provision:

" 'Any other disfigurement, or the loss of bodily function not otherwise provided for herein, such period of compensation as the Commission shall deem equitable and in proportion to compensation in other cases not exceeding 200 weeks.'

"It seems plain and clear to us that this

amendment was adopted for the express purpose of providing fair and adequate compensation in cases like the one before us."

The cases sometimes cited as sustaining the proposition that an industrial commission is not authorized to award compensation for the disability to a hand where the only physical injury is to the fingers are the New York cases cited in the North Beck Mining Company Case, supra, for that doctrine, as follows: Grammici v. Zinn, 219 N. Y. 322, 114 N. E. 397; Kanzar v. Acorn Mfg. Co., 219 N. Y. 326, 114 N. E. 398; Carkey v. Island Paper Co., 177 App. Div. 73, 163 N. Y. S. 710; Adams v. Boorum & Pease Co., 179 App. Div. 412, 166 N. Y. S. 97; Barringer v. Clark, 184 App. Div. 695, 172 N. Y. S. 398. A careful reading of these cases shows that in none of them was the court dealing with the problem stated above, but was deciding upon the evidence whether there was any to show that there was a total loss of use of the hand from the injury to the fingers, the New York act at that time having no provision for partial loss of the hand. In 1917 (Laws 1917, c. 705, sec. 15) the New York Legislature specifically provided that, "where the injury results in the loss of more than one finger, compensation therefor may be awarded for the proportionate loss of the use of the hand thereby occasioned. * * *" On the other hand, the New York court in the case of Matter of Rockwell v. Lewis, 168 App. Div. 674, 154 N. Y. S. 893, decided in 1915, clearly held that where the entire physical injury was to the fingers there could, nevertheless, be an award for a total loss of use of the hand. In that case the court said:

"It is true that the statute makes provision for a definite sum for the loss of each particular finger, but it likewise provides, in section 15 of the Workmen's Compensation Law, that a 'permanent loss of the use of a hand, arm, foot, leg or eye shall be considered as the equivalent of the loss of such hand, arm, foot, leg or eye.' Obviously the Legislature contemplated that there would be cases in which the loss of a large portion of the fingers and thumb would produce a 'permanent loss of the use of the hand,' and the case here under consideration is clearly such a one. The compensation provided for the loss of an index finger, standing alone, may be adequate for that loss; but if the index finger and the two next fingers are destroyed—are lost—and the fourth finger is made practically useless by reason of the bruised and strained condition. there can be no doubt that there has been a 'permanent loss of the use of the hand,' which is not compensated by the provision which is made for the separate fingers."

We have made a search of the authorities and have found no case in conflict with the views expressed above, and the petitioners have cited none. We believe that the rule herein announced is fair and follows the intent of the Legislature in enacting our Workmen's Compensation Law.

For the reasons herein expressed, the award of the State Industrial Commission, as corrected, is affirmed.

RILEY, HEFNER, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.

Note.—See under (1), annotation in L. R. A. 1916A, 258; 28 R. C. L. 818, 819; R. C. L. Perm. Supp. p. 6242. (2), annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 28 R. C. L. 828, 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title Workmen's Compensation, § 116.