W. C. McBRIDE, Inc., et al. v. MORGAN et al.

No. 31751. Feb. 26, 1946.

*166 P. 2d 427.*

518

.H. R. Palmer and Looney, Watts, Fenton & Eberle, all of Oklahoma City, for petitioners.

Long & Sutherland, of Seminole, and Randell S. Cobb, Atty. Gen., for respondents.

WELCH, J. On October 15, 1942, claimant was cranking an engine used in pumping oil wells when same backfired and the crank struck claimant on the back of his right hand. He continued working and received no medical treatment for the injuries thereby inflicted other than home or self-administered treatment. On November 18, 1942, he again encountered the same type of accident and continued as before until December 13, 1942, when he sought and obtained professional medical treatment until April 19, 1943, when he returned to this same work.

Upon claims filed with the Industrial Commission several hearings were conducted resulting in an award of compensation to claimant for temporary disability from November 18, 1942, to April 19, 1943, and a further award for 25% permanent partial disability to the right hand.

Herein the respondents complain of the award as follows:

"The findings of fact and conclusions contained in the order are not supported by any competent evidence."

Thereunder petitioners point out that there is obvious error in awarding temporary disability commencing on November 18, 1942, for the reason that all the evidence is to the effect that claimant continued with his work until December 13, 1942. Claimant does not contest petitioners' position in that respect, and we therefore sustain petitioners in that contention.

Petitioners further insist that there is no competent evidence to support the award for 25% permanent partial disability to claimant's right hand. The major conflict in the testimony and opinions of the medical experts in that connection concerned the *cause* of the disability to the hand rather than the *disability* or the extent or nature thereof. Claimant sought by his testimony to show that the disability was caused by the accidents, and respondents sought to establish that the disability was caused by arthritis of long standing.

Some argument is advanced to the effect that in any event there is no evidence to show that there was any disability other than to one finger, and that therefore, a finger being a scheduled member, there is no legal authority to make an award for disability of the hand. But that is not the state of the evidence. Dr. Moore, a physician appointed by the commission to examine claimant, though testifying that the *cause* was arthritis, said that there is limitation of extension motion in all of the fingers of the hand, involving not only the joints of the fingers, but also the metacarpal joints of all of the fingers of the right hand; that every joint in the hand is affected.

Dr. Turlington testified to substantially the same disability to claimant's hand. Dr. Turlington also testified that the disability was caused by the industrial injury. His testimony as re-

lates to the *cause* of the disability is challenged as based upon an incomplete or inaccurate case history. Whether or not such challenge is valid our conclusion here must be the same.

Dr. Pace, though differing rather sharply with the other medical experts as to the *extent* of disability, insisting that there was only slight disability other than to one finger, still it was his opinion that the disability which did exist was associated with the industrial injury.

It is to be observed from the foregoing testimony that Dr. Pace was not in full accord with the other doctors as to the extent of the disability, but it is clear therefrom that the same constitutes expert testimony to the effect that the existing disability was in his opinion the result of the injury received in the accident.

We therefore conclude there was competent evidence to support the award as made for permanent partial disability to claimant's right hand, and in that respect the award is sustained. Planters Gin Co. v. McCurley, 157 Okla. 273, 12 P. 2d 173. The award for temporary disability is vacated, and the commission is directed to make such further order in that respect as may be proper.

HURST, V.C.J., and OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur. RILEY, J., concurs in conclusion. GIBSON, C.J., and ARNOLD, J., dissent.

---

ARNOLD, J. (dissenting). When put in issue by the pleadings the cause, nature, and extent of an accidental injury must be proven by the claimant under the Workmen's Compensation Act.

I agree that if there is competent evidence to the effect that the joints of the hand are permanently affected as a result of the injury, an award may be made on the basis of the hand in accordance with, but only to the extent of, the proof as to the extent of the permanent disability. I also agree that there is proof in the record before us reasonably showing permanent disability to all the joints of the hand, inclusive of the fingers. So to the extent that the competent probative testimony in its entirety shows that the disability to the hand was the result of the injury, the award may be sustained. In others words, if the evidence shows that there exists a permanent disability to the hand, as a result of the injury, to the extent of 25%, then the instant award should be sustained. The evidence is conclusive that the claimant had suffered for a long time prior to his alleged injury from arthritis which had materially affected various portions of his body and particularly the involved hand. Obviously, therefore, the evidence of the extent of disability to the hand, resulting from the injury, as distinguished from the antecedent disease, should be carefully reviewed. I maintain that the evidence, viewed in the light of all the circumstances but accorded all reasonable inference, does not show a permanent disability to the hand that resulted from the injury in excess of 10%.

Dr. Turlington, testifying on behalf of claimant, estimated the disability to the hand at 50%. He admitted that he did not have a history of the fact that the claimant had been afflicted with arthritis. In fact, he testified that upon inquiry of the claimant as to whether he had had any attacks of rheumatism before his injury, he was informed by the claimant that he had had no such trouble. So his estimation of the extent of the disability could not possibly establish, standing alone, the disability, if any, resulting from the accident. Though he testified that the disability estimated by him was the result of the injury, such estimation must be disregarded for the impelling reason that the essential history of the existence and ravages of arthritis was not available to him, and therefore not considered by him in arriving at his con-

clusion as to the extent of the disability resulting from the injury. Acme Flour Mills et al. v. Bray, 185 Okla. 516, 94 P. 2d 828.

Dr. Pace, the other medical witness for claimant, testified that three fingers were affected, the permanent injury to one he estimated at 50%; he refused to estimate any permanent disability to the other two, and in this connection expressed the belief that the disability thereto was from disuse and temporary. Upon insistence by claimant's attorney and the trial commissioner he finally, but reluctantly, testified that the permanent disability to the hand was 10%. Occasioned, no doubt, by the unsatisfactory state of the proof, in the face of the history of arthritis and other circumstances, the commission vacated the original award of the trial commissioner and appointed, on its own motion, Dr. Moore to examine the claimant. He made a thorough examination and report and testified fully, expressing his opinion that the entire disability was due to arthritis.

Dr. Pace did not testify to any condition of the hand proper that indicated that he thought there was any actual injury to the hand. His testimony as to the existing condition related entirely to the fingers. So when he attributed the existing disability to the injury, he must have been talking about the disability which he had described in the fingers. This being true, the majority is in error in saying that there is competent testimony that the disability to the hand resulted from the injury.

I, therefore, respectfully dissent.