GENTRY v. ARNETT et al.

No. 32856. Sept. 23, 1947.

*184 P. 2d 804.*

Melton, McElroy & Vaughn, of Chickasha, for petitioner.

Davis & Pugh and Don Anderson, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Bill Gentry, doing business as Gentry Body & Trailer Company, petitioner in chief, and the Special Indemnity Fund joined to obtain a review of a joint award made in favor of Herman Arnett.

The first notice of injury and claim for compensation filed November 30, 1945, stated that while employed as a helper in the body and trailer works of petitioner, Gentry Body & Trailer Company, at Chickasha, Okla., the respondent sustained an accidental injury on September 11, 1945, when he injured his second and third fingers in a mechanical saw.

The Special Indemnity Fund was made a party to the proceeding when it was disclosed that from childhood the respondent had been blind in one eye and there had been an incident injury to the remaining eye because thereof. An award was made jointly against the Special Indemnity Fund and the petitioner, Gentry Body & Trailer Company, on the basis of the provisions of 85 O.S. 1943 Supp. §171.

We shall first consider the allegation and proposition of the petitioner Bill Gentry that the award should be for injury to the fingers only and not to

the hand. Competent medical expert witnesses testified that by reason of loss of and injury to the two digits of the left hand there was a disability to the hand as a whole. One medical expert witness fixed this disability at 65 per cent. The rule to be applied in such case is found in Planters' Gin Co. v. McCurley, 157 Okla. 273, 12 P. 2d 173; Special Indemnity Fund v. Farmer, 195 Okla. 262, 156 P. 2d 815; and McBride v. Morgan, 196 Okla. 517, 166 P. 2d 427. In Special Indemnity Fund v. Farmer, supra, we said:

"Whether or not the loss of more than one finger constitutes a disability to the hand incapacitating the workman from labor for which he is mentally and physically adapted is a question of fact for the Commission, and, where more than one finger is lost and there is competent evidence showing that such loss of more than one finger results in disability to the hand incapacitating the workman for labor for which he is mentally and physically adapted, the Commission is authorized to award compensation upon the basis of disability to the hand, and such finding will not be disturbed by this court."

There is competent evidence in the record supporting the finding that by reason of the accidental injury to the two fingers there is a disability of 30 per cent to the hand. In fact, the petitioner, Bill Gentry, does not seriously contest the record in this respect but argues that under some of the former holdings of this court and the statute, 85 O.S. 1941 § 22, it is the mandatory duty of the State Industrial Commission to pay the statutory amount allowed for the loss of the fingers only. As pointed out in Special Indemnity Fund v. Farmer, supra, Planters Gin Co. v. McCurley, supra, specifically overruled cases holding contrary to the rule announced therein and such holding has been consistently followed since the promulgation of that case.

The award against the Special Indemnity Fund must be vacated. This is conceded in the briefs of all parties.

The award was based upon the mathematical calculation from the relation of multiple injuries of the eyes and hand. As pointed out in Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475, a new rule has been adopted by this court and we no longer allow the calculation for combined injuries based upon the mathematical formula.

The award against the petitioner, Bill Gentry, doing business as Gentry Body & Trailer Company, is sustained; the award against the Special Indemnity Fund is vacated.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, and LUTTRELL, JJ., concur.