## COX v. STATE INDUSTRIAL COMMISSION et al.

No. 20097. Opinion Filed Nov. 26, 1929.

R. Donald Slee and Claude V. Thompson, for petitioner.

Clayton B. Pierce, Edwin Dabney, Atty. Gen., Ralph G. Thompson, Asst. Atty. Gen., for respondents.

MASON, C. J. This is an original proceeding by Samuel B. Cox, as petitioner, against the State Industrial Commission, Clickner Construction Company, and Maryland Casualty Company to review a final order of the Commission refusing to reopen a case wherein the petitioner had theretofore been allowed compensation for the loss of his index finger, his second finger, and a partial loss of his ring finger on his left hand. The petitioner alleged that as a result of said accident he had also sustained a partial loss of the use of his hand.

The record discloses that petitioner, while employed by the Clickner Construction Company as a carpenter's helper, on the 4th day of September, 1926, was passing a circular saw when he noticed a sack, which was used for covering the motor, had blown off. He reached down under the saw to re-adjust the sack, when his hand came in contact with the saw, partially cutting off his first two fingers and severely injuring the ring finger of his left hand.

Upon agreement of the parties, the Commission, on the 19th day of November, 1926, entered its order by which the petitioner was granted compensation for said injury to the extent of 100 per cent. for each of his first two fingers and 35 per cent. for the ring finger. Said award was paid in full to the petitioner.

Thereafter, on November 18, 1928, the petitioner filed his motion requesting the Commission to reopen his case and grant him further compensation, claiming that there had been a change of condition which disclosed greater injuries than when the original award was made. A hearing was had, at

which petitioner introduced evidence, after which the Commission refused further compensation upon the ground that he failed to show a change in condition.

Under section 7296, C. O. S. 1921, the Commission is authorized, under certain conditions, to review a prior award, but before the Commission can reopen a case to award further compensation on account of change of condition, the claimant must establish, as a fact, that there has been a change of condition since the original award was made, and that the changed condition is due to the original injury. Industrial Track Construction Co. v. Colthrop, 132 Okla. 77, 269 Pac. 263; Summers v. Bendelari, 128 Okla. 243, 262 Pac. 648. We, therefore, must look to the evidence to see if it supports the allegation of such change of condition.

Petitioner was asked this question:

"Q. Mr. Cox, was any other part of your hand hurt in this accident except the index, ring and middle and little fingers? A. Just those were cut."

He was also asked:

"Q. If your index and little fingers were all right, would you consider that your hand would be normal then with the exception of the ring finger? A. Well, I figure the hand would be normal if there wasn't anything wrong with those fingers."

Doctor Sugg, as a witness for petitioner, after testifying to the condition of the fingers, as hereinabove set out, was asked:

"Q. Is there anything else wrong with his hand? A. I don't believe there is."

The doctor was also asked if petitioner's hand was likely to improve, and he answered: "There will not be any change for the better. It has been two years and they are not any better." He was then asked as to what per cent. of total disability to the hand that Mr. Cox had suffered, and he answered, "Minimum 50%."

This is all the evidence relative to the change in condition and injury to the petitioner's hand.

It is apparent that this opinion of the doctor was based, not upon any injury to the hand, but upon his conclusions that the loss of the fingers and injury to the other finger would impair the usefulness of the hand as a whole to that extent. Petitioner makes the same contention in his brief. We do not think this was the intention of the Legislature. If such theory were correct, there could be no certainty as to what amount a workman should receive if he lost one or more fingers. In one case, the opinions of physicians might indicate that the loss of an index finger amounted to 15 per cent. of the use of the hand, and in another case the evidence might be that it was only 10 per cent., while in the third case it might be set at 25 per cent. It was evidently intended that the Workmen's Compensation Act should abolish such confusion. Such loss of a finger or any designated loss may detract more or less from the earning power than the period fixed by the act, but such rule for fixing compensation is simple and the scale is definite and alike to all.

If the contention of counsel be true, there would have been no need for the Legislature to have established specific amounts for the loss of individual fingers.

We must conclude that the petitioner failed to establish a change of condition, and the petition to review the final order of the Industrial Commission must be denied.

LESTER, HUNT, RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur. CLARK and SWINDALL, JJ., absent.