## SAMPLEY (SOUTHWEST CONST. CO.) et al. v. ALDRIDGE et al.

No. 24185.   Opinion Filed June 6, 1933.

J. Fred Swanson and Williams & Williams, for petitioners.

Murphy & Colley and J. Berry King, Atty. Gen., for respondents.

ANDREWS, J.  This is an original proceeding in this court instituted by the respondent, Southwest Construction Company, and its insurance carrier before the State Industrial Commission, for the purpose of procuring a review of an award made by the State Industrial Commission in favor of the claimant therein.

The record shows that the claimant received an accidental personal injury arising out of and in the course of his employment with the petitioner, the Southwest Construction Company, on June 29, 1926; that he was paid compensation under an award of the State Industrial Commission which was based on a 25 per cent. disability of the index finger of the left hand, total disability of the second finger on the left hand, total disability of the third finger of the left hand, and 10 per cent. loss of use of the left hand.

On April 28, 1932, the claimant filed a motion to reopen the cause on the ground of a change of condition.  A hearing was had thereon, and the Commission found that the climant has "suffered a change in his condition, inasmuch as he now has a 75 per cent. permanent disability to the left forearm, or hand."  It made an award in conformity with that finding.

The first award was final and binding on the parties thereto, and, upon the application to reopen, the only questions which could be considered by the Commission were whether or not there had been a change of condition of the claimant after the original award; if so, whether that change was due to the original injury, and if so, the extent of that change.  The burden of proving those things was on the claimant.  Cox v. State Industrial Commission et al., 140 Okla. 59, 282 P. 610, and Wadsworth Coal & Mining Co. et al. v. Tidwell et al., 147 Okla. 22, 294 P. 1092.

The petitioners contend that there was no competent evidence to support the finding that there had been a change of condition. The claimant calls attention to evidence which shows that the disability to the claimant's hand, at the time of the hearing in 1932, was, in the opinion of the doctors who testified, more than 10 per cent., and he contends that, inasmuch as the disability to the hand in 1927 was only 10 per cent., there must have been a change of condition.

An examination of the record discloses that the original award was based on a statement of Dr. Clymer which was offered by agreement of the parties.  That statement was to the effect that the claimant had sustained a total loss of the ring and

middle fingers, a 25 per cent. disability to the index finger, and approximately 10 per cent. disability to the hand. He stated that the injury to the hand "was caused from a fracture of the third and fourth metacarpal bones at the middle portion with marked anterior displacement." Since the original award was for compensation for permanent total disability of the second and third fingers, there could have been no compensable change of condition in those fingers. There was no testimony at the hearing in 1932 as to the condition of the index finger. The testimony at that hearing shows that the thumb was usable and that the claimant could touch the tips of each of his fingers with his thumb. The testimony of the doctors as to physical facts shows no change in the condition of the hand from that shown by the statement of Dr. Clymer at the time of the first award. The testimony of the doctors is in substantial conformity with that shown by the record in Cox v. State Industrial Commission et al., supra, wherein it was said:

"It is apparent that this opinion of the doctor was based, not upon any injury to the hand, but upon his conclusions that the loss of the fingers and injury to the other finger would impair the usefulness of the hand as a whole to that extent."

That theory of loss was disapproved in that case. The fact that certain doctors thought in 1932 that the disability to the hand amounted to more than 10 per cent. in no wise shows a change of condition. The record is entirely silent as to the cause of the change of condition, if any existed. While there was some testimony that the hand was withered in 1932, there was no testimony that the hand was not withered at the time of the first award, and the record shows that the hand would naturally wither from the failure of the claimant to use it. He testified that he did not use it for the reason that the second and third fingers interfered with his use of it.

We have carefully examined the record in this case, and we are of the opinion that the claimant failed to sustain the burden of proof, and that the award based on a change of condition is not supported by any competent evidence.

For the reasons stated, the award is vacated.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, BUSBY, and WELCH, JJ., concur. OSBORN and BAYLESS, JJ., absent.