**STANOLIND (formerly SINCLAIR) CRUDE OIL PURCHASING CO. v. RANDALL et al.**

No. 24588. Nov. 14, 1933.

Rehearing Denied Dec. 5, 1933.

Clay Tallman and T. W. Arrington, for petitioner.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., Park Davis, and O. O. Leach, for respondents.

McNEILL, J. This is a direct proceeding in this court brought by the petitioner, Stanolind Crude Oil Purchasing Company, to review an order of the State Industrial Commission in favor of the respondent, L. T. Randall.

Said respondent, while in the employ of petitioner, on December 20, 1924, sustained an injury to the second and third fingers of the left hand. The injury to the second finger was to the distal or first phalange, and as a result thereof it became necessary to remove the first or distal phalange. The respondent was paid 50 per cent. of the loss of the second finger which resulted from the amputation. This amounted to 15 weeks at the rate of $18 per week, being a total of $270 for which a receipt was signed by respondent on April 1, 1925, and was thereafter filed with and approved by the Commission.

Subsequently respondent raised the contention that the amputation of the second finger was below the joint between the first and second phalanges, and therefore he was entitled to compensation for the entire loss of the finger. Evidence was taken by the Commission, and on June 25, 1929, the Commission made an order in which it held that respondent had only lost the first joint of the second finger of the left hand, denied further compensation, and closed the case. Nothing further was done until September 21, 1932, when the respondent filed a motion to reopen the case, alleging a change in condition. Thereafter evidence was taken, and on March 22, 1933, the Commission found

that the respondent had a change of condition as a direct result of the accidental injury and had a permanent partial disability to the ring finger and the hand proper to the extent of 20 per cent. permanent partial loss of the left hand, and awarded respondent compensation in the sum of $720, being $450 in addition to the $270 already paid, being based upon 40 weeks at the rate of $18 per week. Petitioners seek to review this order.

The petitioners ask that the order of September 21, 1932, be vacated and in support thereof urge three propositions, in substance, as follows:

(1) That the testimony does not show a change in condition.

(2) That the award of 20 per cent. partial permanent disability to the left hand is contrary to law, for the reason that the evidence shows no other injury than to the two fingers.

(3) That the order and award of June 25, 1929, denying respondent further compensation closed the case, and the Commission was without jurisdiction thereafter to award compensation for further disability.

The evidence shows that the respondent not only received an injury to the second finger of his left hand, but also the third finger was lacerated, requiring suturing. The respondent was not paid any compensation for the injury to the third finger, and the only compensation paid was for a specific injury to the second finger of the left hand.

The respondent testified that his third finger had been split, the bottom of the joint laid open, and at the time he received the first compensation was stiff; that the finger had been sewed up; that it was weak; that the condition of the third finger and the loss of the second finger impaired his grip. This evidence was corroborated by competent medical testimony. Dr. W. W. Beasley testified that in his opinion the respondent had a permanent disability to the third finger amounting to five or ten per cent. Dr. E. P. Nesbitt testified that the third finger showed a previous injury, scar tissue over the skin, and that respondent had an impairment in his hand as a result of the injury to the two fingers in that the hand was weaker than it would have been with all the anatomical attachments; that the disability to the hand as a result of the injury to the two fingers is 25 per cent., and that such disability is permanent.

At the time of the initial payment of compensation, the respondent's third finger was in the process of healing, while at the time of the last hearing the disability was permanent. This shows a change from a mobile state to one of permanence. Such a change comes within the provisions of section 7296, C. O. S. 1921 [O. S. 1931, sec. 13362]. Williams Brothers, Inc., v. Addison, 163 Okla. 264, 21 P. (2d) 1047.

This change in condition of the third finger when considered with the permanent disability to the second finger constitutes a change in condition competent to support the award of 20 per cent. permanent partial disability to the left hand.

In the case of Skelly Oil Co. v. Standley, 148 Okla. 77, 297 P. 235, it was said:

"A liberal interpretation policy persuades us that 'change in condition' has to do with the disability of the injured workman resulting from the accident rather than a change in condition of specific injuries theretofore compensated, and that compensation to be ended, diminished, or increased is to be considered as a disability resulting from the accident rather than specific injuries theretofore compensated."

There is no question but what the respondent received an accidental injury, and that there was an injury to the second and third fingers to the left hand. As to whether this constituted an injury to the hand was a question of fact for the Industrial Commission.

In the case of Planters' Gin Co. v. McCurley, 157 Okla. 273, 12 P. (2d) 173, this court said:

"Whether or not the loss of more than one finger constitutes a disability to the hand incapacitating the workman from labor for which he is mentally and physically adapted is a question of fact for the Commission, and, where more than one finger is lost and there is competent evidence showing that such loss of more than one finger results in disability to the hand incapacitating the workman from labor for which he is mentally and physically adapted, the Commission is authorized to award compensation upon the basis of disability to the hand."

This case was cited and followed by the case of King Drilling Co. v. Farley, 163 Okla. 304, 22 P. (2d) 80. The evidence in this case fully supports the finding of the Commission that the respondent sustained a 20 per cent. permanent partial disability to the hand.

The petitioner contends that the Commission was without jurisdiction to award compensation on the ground of change of condi-

tion because the order of June 25, 1929, denied compensation, and cites in support of such contention the case of Olentine v. Calloway, 147 Okla. 137, 295 P. 608. The facts in that case do not correspond to the facts in the instant case. In that case the Commission denied compensation at the first hearing and no compensation was ever paid. In the instant case, the respondent had been paid compensation in the sum of $270. It is not contended that respondent did not sustain a compensable injury. Such an injury constitutes a sufficient basis for an award for further compensation on the ground of a change in condition. Underwriter's Land Co. v. Dirst, 152 Okla. 286, 4 P. (2d) 1015; Skelly Oil Co. v. Goodwin, 158 Okla. 288, 13 P. (2d) 135.

Award affirmed.

RILEY, C. J., and SWINDALL, BAYLESS, OSBORN, and BUSBY, JJ., concur. CULLISON, V. C. J., and ANDREWS and WELCH, JJ., absent.