SPECIAL INDEMNITY FUND v. FARMER et al.

No. 31768.   Feb. 6, 1945.

Rehearing Denied March 20, 1945.

*156 P. 2d 815.*

Mont R. Powell, of Oklahoma City, T. D. Lyons, of Tulsa, and L. B. Moore, of Oklahoma City, for petitioner.

Randell S. Cobb, Atty. Gen., E. J. Broaddus, Asst. Atty. Gen., Bulla & May, and W. F. Smith, all of Oklahoma City, for respondents.

Claud Briggs, of Oklahoma City, amicus curiae.

OSBORN, J. This is an original proceeding in this court to review an award made by a trial commissioner and affirmed by the State Industrial Commission in favor of E. H. Farmer, claimant, against Douglas Aircraft Company, Fidelity & Casualty Insurance Company, and Special Indemnity Fund administered by the State Insurance Fund. For the purpose of this opinion E. H. Farmer will be referred to as claimant, Douglas Aircraft Company as employer, Fidelity & Casualty Insurance Company as insurance carrier, Special Indemnity Fund as petitioner, and State Industrial Commission as commission.

On May 19, 1943, claimant suffered an accidental personal injury to the third or ring finger of his left hand by its being cut and the long tendon of that finger severed. Some seven years prior to the date of this injury claimant lost the first phalange of the first or index finger of the left hand and was awarded compensation for 17½ weeks therefor.

In the instant action, which involves the injury suffered on May 19, 1943, the commission found there was permanent partial disability of 16½ per cent of the hand, including permanent partial disability of 50 per cent of the third or ring finger, and made an award of compensation for a period of 33 weeks, ordering the employer and insurance carrier to pay for ten weeks thereof, and the petitioner to pay for 23 weeks.

The determination of the controversy in this action involves construction of House Bill No. 249 of the Oklahoma Legislature of 1943 (Title 85, O.S. Supp. 1943, §§ 171-176), which creates the Special Indemnity Fund and provides for the apportionment of liability between the employer and the Special Indemnity Fund in cases involving injuries to an employee who is a "physically

impaired person" as defined by the act.

The essential parts of Title 85, O.S. Supp. 1943, to be considered in this opinion are as follows:

"Sec. 171. Physically impaired person defined.—For the purpose of this Act, the term 'physically impaired person' is hereby defined to be a person who as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of some member of his body, or the loss of the use, or partial loss of the use, of a specific member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession, or any disability which previously has been adjudged and determined by the State Industrial Commission. Laws 1943, p. 258, sec. 1."

"Sec. 172. Compensation for additional disability—Liability of employer —Payment from special indemnity fund —Findings—Failure to secure benefits. —If an employee, who is a 'physically impaired person,' receives an accidental personal injury compensable under the Workmen's Compensation Law, which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities, as is now provided by the laws of this State, but the employer shall be liable only for the degree or per centum of disability which would have resulted from the latter injury if there had been no pre-existing impairment. After payments by the employer or his insurance carrier, if any, have ceased, the remainder of such compensation shall be paid out of the Special Indemnity Fund provided for in Section 3 of this Act, in periodical installments and without commutation thereof to a lump sum. In making its award, the Industrial Commission shall specifically find the amount the injured employee shall be paid weekly, the number of week's compensation which shall be paid by the employer, or his or its insurance carrier, the date upon which payments

out of the Special Indemnity Fund shall begin, and, if possible, the length of time such payments shall continue; provided, however, the provisions and benefits of this Act shall not be available to any employee, who is a 'physically impaired' person, and who is employed by an employer as defined by the Workmen's Compensation Law who shall fail to secure the payment of compensation benefits as required by law, but such employee shall not be precluded from receiving compensation for a later injury while employed by such employer, as is now provided by law, all of such benefits to be paid by such employer, aforesaid; provided, further, that nothing herein shall limit the amount of compensation now provided by the Workmen's Compensation Law for temporary disability, and such temporary disability, together with all medical expenses, shall be paid as now provided by the Workmen's Compensation Law, and no part of the same shall be charged against such Special Indemnity Fund. Laws 1943, p. 258, sec. 2."

The petitioner first contends that the finding of the commission that the claimant has sustained 16½ per cent disability to his (left) hand as a whole, as a result of both of said injuries, is not supported by the evidence, but is merely an arbitrary conclusion based on a formula used in cases of injuries involving two or more fingers of the same hand, citing in support thereof Cox v. State Industrial Commission et al., 140 Okla. 59, 282 P. 610, and Sampley (Southwest Const. Co.) et al. v. Aldridge et al., 164 Okla. 66, 22 P. 2d 1036, and cases from other jurisdictions. The Sampley Case relies upon the Cox Case for authority, and the Cox Case was expressly overruled in Planters Gin Co. et al. v. McCurley et al., 157 Okla. 273, 12 P. 2d 173, wherein we said:

"The petitioners cite only one case, Cox v. State Industrial Commission, 140 Okla. 59, 282 P. 610, which they contend supports their theory. That was a proceeding to review a final order of the commission refusing to reopen an award wherein the petitioner had theretofore been allowed compensation for the loss of his index finger, his second finger, and a partial loss of his ring finger, on his left hand. The petitioner

contended that as a result of said accident he had also sustained a partial loss of the use of his hand. That case is not in conflict with this decision nor in point here for the reason that therein the commission itself found no evidence of any injury to the hand, and this court merely sustained their finding. Whether or not the loss of the fingers constitutes a disability to the hand incapacitating the workman from labor for which he is mentally and physically adapted is clearly a question of fact for the commission, and the commission's findings of fact will not be disturbed in this court if there is any competent evidence to support the same. Coal Creek Coal Co. v. Danley et al., 154 Okla. 237, 7 P. 2d 470; Langley v. Magnolia Petroleum Co. et al., 154 Okla. 274, 7 P. 2d 679. However, the second syllabus paragraph of that case is expressed in language which does seem to carry beyond its facts, and in so far as it is in conflict with the rule announced in this opinion it is hereby disapproved."

See, also, Commonwealth Mining Co. v. Atterberry, 163 Okla. 294, 22 P. 2d 78; Carl B. King Drilling Co. v. Farley, 163 Okla. 304, 22 P. 2d 80; Stanolind Crude Oil Pur. Co. v. Randall, 166 Okla. 261, 27 P. 2d 339.

Under this authority, whether the loss of fingers constitutes a disability to the whole hand is a question of fact to be decided by the commission, and if there is any competent evidence to support the same, such findings will not be disturbed by this court. From such an examination we find the testimony of three doctors. These doctors gave their testimony with reference to the permanent partial disability to the hand caused by the injury to the two fingers, not based upon any formula, but based upon their knowledge as expert witnesses. One doctor testified that the percentage of disability to the hand as a whole was 8 per cent, another testified the disability was 16½ per cent to the whole hand, and another testified that the disability to the whole hand was 25 per cent. This testimony is based upon the combined disability to the hand based upon the injury to two fingers.

The petitioner urges that these doctors are not competent witnesses to testify as to the disability caused to the whole hand by the first injury, because they did not examine the hand prior to the second injury. It is true these doctors did not examine or observe the hand prior to the second injury, but the second injury did not affect the injury to the index finger in such way that the doctors could not determine the extent of the first injury after the second injury occurred.

Thus we conclude that the evidence is sufficient to support the finding of the commission as to the permanent partial disability to the whole hand. The evidence shows the loss of the use of the first phalange of the third finger, and such loss must, under the statute, be considered as the loss of one-half of the finger, as found by the commission.

The petitioner next contends that the award made against the Special Fund should be credited with the prior payments made for the loss of the first phalange of the index finger. It is urged by the petitioner that House Bill No. 249 (Title 85, O.S. Supp. 1943, §§ 171-176) is an amendment to Title 85, O.S. 1941, § 22, subdiv. 6, and therefore the decisions based upon Title 85, O.S. 1941, § 22, subdiv. 6, are not controlling. With this contention we cannot agree. Under the terms of Title 85, O.S. Supp. 1943, § 172, the employee shall receive compensation on the basis of such combined disabilities, "as is now provided by the laws of this state," but the employer shall be liable only for the degree or per centum of disability which would have resulted from the latter injury if there had been no pre-existing impairment. The compensation "as is now provided by the laws of this state" is definite and certain in ascertainable amounts. Title 85, O.S. 1941, § 22, subdiv. 6; Nease v. Hughes Stone Co. et al., 114 Okla. 170, 244 P. 778; Protho v. Nette et al., 173 Okla. 114, 46 P. 2d 942; Sinclair Oil Co. v. Stevens et al., 194 Okla. 109, 148 P. 2d 176. Compensation is awarded under the Workmen's Compensation Law, not for a physical impairment or ailment, but for resulting

loss of earning capacity due to such impairment or ailment. Asplund Const. Co. et al. v. State Industrial Commission, 185 Okla. 171, 90 P. 2d 642; Mudge Oil Co. v. Wagnon et al., 193 Okla. 466, 145 P. 2d 185. To follow the construction presented by the petitioner would be to award compensation for physical impairment or ailment, and not for resulting loss of earning capacity due to such impairment or ailment. Such construction would be contrary to the plain intention of the Legislature. It is only where the later injury results in "additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater" that an award may be made under this act. Thus we hold that the petitioner is not entitled to credit for compensation paid for the first or prior injury.

It is contended by amicus curiae that Title 85, O.S. Supp. 1943, §§ 171 and 172, are unconstitutional because they contravene the provisions of article 5, § 57, in that the title of said act fails to indicate an intention to amend the Workmen's Compensation Law, and falls in that class of legislation prohibited by said constitutional provision as constituting amendments by reference to the title only. We have held that an act of the Legislature which is in form original and in itself intelligible and complete, and does not, either in its title or in its body, appear to be revisory or amendatory of any existing law, is not within the inhibition of the Constitution prohibiting amendment or extension of law by reference to its title only. City of Pond Creek v. Haskell, 21 Okla. 711, 97 P. 338; State v. Howard, 67 Okla. 289, 171 P. 30; In re Lee, 64 Okla. 310, 168 P. 53; Service Feed Co. v. City of Ardmore, 171 Okla. 155, 42 P. 2d 853. We have examined the legislative enactment (House Bill No. 249) and there is nothing contained therein which expressly states that it repeals or amends any provisions of the Workmen's Compensation Law, but the enactment when construed within the four corners of the act appears to be full and complete within itself, and therefore does not in any way contravene or conflict with section 57, art. 5, of the State Constitution.

In Missouri-Kansas-Texas R. Co. v. Washington County, 136 Okla. 191, 276 P. 769, we said:

"It is not the meaning of the provisions of section 57 of article 5 of the Constitution that upon the passage of each new law, all prior laws, which it may modify by implication, shall be re-enacted and published at length as modified, for such a construction would result in more evil than was intended to be corrected by the provisions in the Constitution."

The attack upon this act upon the ground that it violates the provisions of section 59, art. 5, of the Constitution, is not well founded. In Williams et al. v. Hutchens, Sheriff, et al., 187 Okla. 268, 102 P. 2d 841, we held:

"In order for a law to be general in its nature and to have uniform operation, it is not necessary that it shall operate upon every person and every locality in the state. A law may be general and have a local application or apply to a designated class if it operates equally upon all the subjects within the class for which it was adopted. But where a statute operates upon a class, the classification must not be capricious or arbitrary and must be reasonable and pertain to some peculiarity in the subject-matter calling for the legislation. As between the persons and places included within the operation of the law and those omitted, there must be some distinctive characteristic upon which a different treatment may be reasonably founded and that furnishes a practical and real basis for discrimination."

This legislation embraces in its provisions persons who are designated and described therein as "physically impaired persons," which sets them apart as a class by themselves, and this legislation, therefore, is applicable to such class as covered by said law. This classification by the Legislature certainly is not arbitrary, but is a reasonable, natural, and substantial one. It operates equally upon all the persons within the designated class for which it was adopted.

Award sustained.

HURST, V.C.J., and RILEY, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur. GIBSON, C.J., dissents as to first syllabus, but otherwise concurs. WELCH, J., concurs specially.

WELCH, J. (specially concurring). I agree with all of the opinion except the first paragraph of the syllabus. I think the rule of law there stated is not a correct rule, tested by the expressed provisions of the Workmen's Compensation Law; though it has had some bit of discussion in one or two former decisions, and I should concur also as to that part of the opinion under the rule of stare decisis.