SPECIAL INDEMNITY FUND v. GAMBRELL et al.

No. 32118.   Nov. 20, 1945.

Rehearing Denied Dec. 11, 1945.

*164 P. 2d 240.*

Mont R. Powell, T. D. Lyons, and L. B. Moore, all of Oklahoma City, for petitioner.

James Duley, of Oklahoma City, and Randell S. Cobb, Atty. Gen., and Ewing

C. Sadler, Asst. Atty. Gen., for respondents.

OSBORN, J. This is an original proceeding brought by the Special Indemnity Fund, hereinafter referred to as petitioner, to review an award made in favor of Ralph Gambrell, hereinafter referred to as respondent, against the Brown-Dunkin Dry Goods Company and Special Indemnity Fund.

On January 22, 1944, respondent filed employee's first notice of injury and claim for compensation stating that on September 20, 1943, while employed by Brown-Dunkin Dry Goods Company, he sustained an accidental injury arising out of and in the course of his employment when his middle and ring fingers of his left hand were caught in an electric joiner, as a result of which they were amputated in the distal joint. The cause and extent of this disability are not in dispute. On May 16, 1944, the trial commissioner entered an award finding that the disability caused by the accident of September 20, 1943, amounted to 50 per cent of the loss of both the second and third fingers, for which an award was made against Brown-Dunkin Dry Goods Company for 25 weeks at $18 per week. The commissioner made the following finding and order:

"That by reason of being 'a physically impaired person' as aforesaid at date of said injury on September 20, 1943, by reason of a 35% disability and injury to first finger of left hand, the combination of both of said injuries and disabilities is materially greater than that which would have resulted from the last injury alone, and that the combination of both said injuries has resulted in additional disability to claimant, and claimant is therefore entitled to an award for said 35% disability to first finger of left hand at this time, or 12½ weeks, and as a combined result of both of said injuries a resultant loss to his left hand in the use thereof amounting to 12¾ weeks making a total loss to said left hand and fingers as a result of both injuries of 25 weeks for which he is entitled to compensation at $18 per week to be paid by the Special Indemnity Fund of this State, commencing at the date of termination of the award against respondent, to wit, March 20, 1944, in the total sum of $450."

It is first argued that the award is without the jurisdiction of the State Industrial Commission for the reason that the respondent is not a physically impaired person within the meaning and definition of 85 O. S. 1943 Supp. § 171. Therein it is provided:

"For the purpose of this Act, the term 'physically impaired person' is hereby defined to be a person who as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of some member of his body, or the loss of the use, or partial loss of the use, of some specific member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession or any disability which previously has been adjudged and determined by the State Industrial Commission."

The facts disclose that prior to his employment with Brown-Dunkin Dry Goods Company respondent sustained an accidental injury while employed by the Corbetta Construction Company; that prior to the proceeding commenced herein he was paid for a 35 per cent disability to the index finger by reason of this injury. Respondent stated that he did not know whether it was paid on a settlement by joint petition or on Form 14, the form generally made after a claim has been filed with the State Industrial Commission and an agreement reached as to the extent of a permanent partial disability. Respondent argues that he comes within the clause in 85 O. S. 1943 Supp. § 171, describing an injury or disability previously adjudicated by the State Industrial Commission. We think it unnecessary to determine that question. The petitioner argues that no lay witness testified as to the im-

pairment of the index finger. To so state is to ignore the testimony of the respondent. In addition to the facts recited above, the trial commissioner called upon the respondent to exhibit his hand, and the notation of the reporter is that it was so exhibited. A stiff finger is a common and ordinary matter of observation. The statute makes no requirement as to the kind of testimony to be introduced or accepted to prove or establish that a claimant has suffered a loss of the use, or the partial loss of the use, of a specific member "such as is obvious and apparent from observation or examination by an ordinary layman." We are of the opinion, and hold, that there was sufficient evidence that the respondent was a "physically impaired person" within the meaning and definition of 85 O. S. 1043 Supp. § 171.

It is next argued that the award is not supported by any competent evidence. In this proposition it is argued that there is no evidence that the 35 per cent disability to the index finger contributed to the disability caused by the loss of the second and third fingers. Petitioner points to the finding of the doctor introduced by it that the prior condition of the index finger was not aggravated by the later injury. The question is not whether the later injury to the second and third fingers aggravated the condition of the index finger. The question is, did the subsequent injury to the two fingers, when considered cumulatively or in combination with the pre-existing injury to the index finger, result in making the degree of disability greater than that which would have resulted from the subsequent injury alone? Where the later injury results in an additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater, an award may be made under said act. Special Indemnity Fund v. Farmer, 195 Okla. 262, 156 P. 2d 815. The medical testimony in this case is that, by reason of the combination of the two injuries, the claimant had a 15 per cent disability to his left hand.

The commissioner found that he was entitled to compensation for 12¾ weeks by reason of said injury to his hand, and we approve the same.

However, the commissioner found, as above set forth, that the claimant had previously suffered a 35 per cent disability to his index finger, and that "claimant is therefore entitled to an award for said 35 per cent disability to first finger of left hand at this time or 12½ weeks." There is no authority for making an award against the Special Indemnity Fund for a pre-existing disability except in so far as the degree of disability is made greater by reason of the combination of both injuries. Since the commissioner found that claimant was entitled to $18 per wek for 12¾ weeks by reason of the resulting loss to his left hand, the award should have been for $229.50 instead of $450. The award is modified to this extent and sustained.

Modified and sustained.

GIBSON, C. J., HURST, V. C. J., and RILEY, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.