SPECIAL INDEMNITY FUND v. NIPPER et al.

No. 32379.     Nov. 3, 1947.

*186 P. 2d 331.*

Mont R. Powell, L. B. Moore, and

Thomas D. Lyons, all of Oklahoma City, for petitioner.

Dennis Bushyhead, of Claremore, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 23rd day of June, 1945, Robert W. Nipper, hereinafter called respondent, filed his first notice of injury and claim for compensation stating that while employed as a carpenter with the Douglas Aircraft Company he sustained an accidental injury arising out of and in the course of his employment on March 4, 1945, when he fractured his right hand while sawing a piece of wood. On the 21st day of August, 1945, the trial commissioner found as follows:

"That prior to claimant's injury of March 4, 1945, he had sustained an accidental injury in childhood to his first and second fingers of the right hand, and at the time of said injury of March 4, 1945, claimant was a 'physically impaired person' within the meaning of section 173, Title 85 O.S. 1943, and that such impairment was noticeable to an ordinary layman, and the commissioner finds from the evidence in this cause and that said impairment and disability to the first and second fingers of said right hand with 30% permanent partial disability to and loss of use of the right hand, and that said 30% permanent partial disability to claimant's right hand by reason of the subsequent injury, and the 20% permanent partial disability to and loss of use of claimant's right hand by reason of the latter injury, when taken and considered together are equivalent to 50% permanent partial disability to claimant's right hand amounting to 100 weeks, and that the respondent, Douglas Aircraft Company, Inc., and its insurance carrier, Fidelity & Casualty Co. of N. Y. herein are liable to claimant for the sum of $720.00, being compensation at $18.00 per week for a period of 40 weeks, for the 20% permanent partial disability to the right hand as a result of the latter accident, and that the Special Indemnity Fund is liable to claimant for the sum of $1,080.-00, being compensation at $18.00 per week for a period of 60 weeks, for the 30% permanent partial disability to the

right hand as a result of the former injury, and that the liability of the Special Indemnity Fund shall accrue and become due at the rate of $18.00 per week beginning 40 weeks from March 4, 1945."

An award was entered for the specific disability caused by the accidental injury against the Douglas Aircraft Company and the Special Indemnity Fund was ordered to pay in accordance with the finding made by the commissioner. The award was affirmed on appeal and the Special Indemnity Fund, hereinafter called petitioner, has brought this proceeding to review the award.

The record discloses that on March 4, 1945, while sawing a board, respondent struck his hand against the board and fractured his hand back of the little finger. The medical expert witnesses described the injury as a fracture of the proximal phalanx of the right hand and also an injury to the ring finger thereof. It appears that by reason of a prior injury received in childhood, the respondent had a disability to the right hand by reason of loss of the first and second fingers. This is not disputed.

Petitioner raises the single issue that the State Industrial Commission is without authority to combine the disability resulting from the former injury with the disability caused by the latter injury. It cites in support thereof, Wise-Buchanan Coal Co. v. Risco, 150 Okla. 190, 1 P. 2d 411; Indian Territory Illuminating Oil Co. v. Hendrixson, 158 Okla. 176, 13 P.2d 137.

We do not find it necessary to review or distinguish these cases. The rule applicable is found in Special Indemnity Fund v. Farmer, 195 Okla. 262, 156 P.2d 815, wherein we said:

"Under the provisions of House Bill No. 249, Sess. Laws 1943, 85 O.S. Supp. 1943, sec. 172, if an employee, who is a physically impaired person as defined in said act, receives an accidental personal injury compensable under the Workmen's Compensation Law which

results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, such employee shall be entitled to compensation for such permanent disability caused by the combined injuries and the employer shall be liable only for such per centum of disability resulting from the latter injury, and the remainder of such compensation shall be paid out of the Special Indemnity Fund provided for in such act without credit for the compensation paid for the first or prior injury."

The fact situation therein is very similar to the case at bar. Special Indemnity Fund v. Farmer, supra, was the first case to consider the constitutionality of 85 O.S. 1943, Supp. §171. Thereafter, in Special Indemnity Fund v. Gambrell, 196 Okla. 203, 164 P.2d 240, in a fact situation somewhat similar, this court allowed an award against the Special Indemnity Fund for an injury to the hand.

In the case at bar it is not disputed that by reason of the prior injury there was a disability of 30 per cent to the hand; neither is it disputed that thereafter he sustained an accidental injury on March 4, 1945, which resulted in an increase in the disability. The doctor testified that the respondent has now a disability of 50 per cent, and this is not disputed. It follows, therefore, that the rule announced in Special Indemnity Fund v. Farmer is controlling. See, also, to the same general effect Special Indemnity Fund v. Wood, 195 Okla. 357, 157 P.2d 905; Special Indemnity Fund v. Hobbs, 196 Okla. 318, 164 P.2d 980; Special Indemnity Fund v. Keel, 196 Okla. 315, 164 P. 2d 996.

There is nothing to the contrary of the rule announced and applied in the case at bar in Special Indemnity Fund v. Davidson, 196 Okla. 118, 162 P.2d 1016, or Special Indemnity Fund v. Sims, 196 Okla. 101, 163 P. 2d 210.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and LUTTRELL, JJ., concur. GIBSON and ARNOLD, JJ., dissent.