SPECIAL INDEMNITY FUND
v. JAMES et al.

No. 32307. Jan. 27, 1948.

*189 P. 2d 171.*

Mont R. Powell, T. D. Lyons, and L. B. Moore, all of Oklahoma City, for petitioner.

J. W. Murphy and Jack Krippendorff, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 26th day of April, 1945, E. H. James, hereinafter called respondent, filed his first notice of injury and claim for compensation stating that while employed by H. C. Liles Construction Company as a pipe liner he sustained an accidental injury arising out of and in the course of his employment on April 23, 1945, when he cut the middle finger on his right hand. On the 28th day of June, 1945, an award was entered finding that as a result of his injury on the 26th of April, 1945, he sustained a 15% partial disability to the right hand and payment was made by the employer in the amount of $540.

In addition to the above finding the State Industrial Commission found that respondent was a physically impaired person within the terms and meaning of 85 O. S. 1943 Supp. §171, et seq. to the extent of 80 per cent of the use of the left hand and ordered payment of 47½ per cent total permanent disability based on 500 weeks and directed payment by the Special Indemnity Fund in accordance with said sections.

The Special Indemnity Fund, hereinafter called petitioner, has commenced this proceeding to review the award.

The first contention is that there is no competent evidence reasonably tending to support the finding that as a result of the accidental injury the respondent has a 15 per cent total disability to the right hand. We have held that whether the loss of one finger or more than one finger constitutes a disability to the whole hand is a question of fact for the Industrial Commission, and its finding thereon will not be disturbed by this court if supported by any competent evidence.

Special Indemnity Fund v. Gambrell, 196 Okla. 203, 164 P. 2d 240; Special Indemnity Fund v. Farmer, 195 Okla. 262, 156 P. 2d 815. There is competent evidence of qualified medical experts in the record to the effect that because of the stiffened condition of the finger there is a disability to the entire hand.

It is next argued that the Industrial Commission erred in combining the percentage of disability to the left hand and the right hand and in entering an award based upon the percentage of 500 weeks. If the injured employee has sustained a permanent partial disability to both hands, the award shall be based upon 85 O. S. 1941 §22, subd. 1, and the employee shall be entitled to recover such proportion of the compensation allowed for total disability as the extent of his loss bears to the total loss of such member. Special Indemnity Fund v. Hobbs, 196 Okla. 318, 164 P. 2d 980; American Tank Co. v. State Industrial Commission, 153 Okla. 117, 5 P. 2d 137; Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 282 P. 293.

In proposition three this argument made above in proposition two is again advanced and it is stated that there is no competent evidence of disability by reason of the loss of earning capacity.

In Blackstock Oil Co. v. Murtishaw, 184 Okla. 312, 87 P. 2d 308, we held that physical impairment was within itself evidence from which the State Industrial Commission could find a loss of wage earning capacity. In Special Indemnity Fund v. Gambrell, supra, we said that an award may be entered against the Special Indemnity Fund (85 O. S. 1943 Supp. §171, et seq.) where there is any competent evidence reasonably tending to support the finding of the State Industrial Commission that a physically impaired person received an accidental personal injury which, when considered in combination with a pre-existing injury, results in additional permanent disability so that the degree

of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the last injury alone. We hold that there was competent evidence from which the State Industrial Commission was authorized to find that the two impairments constituted a 47½ per cent total permanent disability.

It is next argued in proposition four that the State Industrial Commission erred in adding the injury in 1935, which was the injury to the left hand, to the loss of the second finger in 1945. This proposition has already been discussed in proposition two above. See, however, the specific finding in Special Indemnity Fund v. Gambrell, supra, to the effect that whether or not an injury constitutes a disability to a single finger or to the hand as a whole is a question of fact.

In proposition five petitioner states that the court should review the entire record in a workmen's compensation case wherein an award has been entered against the Special Indemnity Fund. In this proposition petitioner assumes that if this court weighed the evidence it would arrive at a different conclusion. This assumption is not necessarily so. In a proceeding to review an award, the Supreme Court reviews the errors of law. We find none in the case at bar.

The award is sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, CORN, ARNOLD and LUTTRELL, JJ., concur. BAYLESS and GIBSON, JJ., dissent.