**C. A. PRENTIS, Petitioner,**

v.

**SPECIAL INDEMNITY FUND and the State Industrial Commission of the State of Oklahoma, Respondents.**

**No. 37982.**

Supreme Court of Oklahoma.

Sept. 30, 1958.

Murphy & Booth, Oklahoma City, for petitioner.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

C. A. Prentis, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Sullivan Drilling Company, employer, he sustained an accidental injury arising out of and in the course of his employment when he injured the index finger of his right hand. The Special Indemnity Fund was made a party to the proceeding because claimant was a physically impaired person within the meaning of 85 O.S.1951 Sec. 171 et seq. The State Industrial Commission denied an award against Special Indemnity Fund, hereinafter called respondent, and claimant brings this proceeding to review the order denying an award.

The record discloses that on December 4, 1956, while employed by the Sullivan Drilling Company, claimant sustained an accidental injury to his right index finger. He settled on joint petition for the disability caused by the later injury and the Sullivan Drilling Company is not involved in this proceeding. He reserved the right to proceed against the Special Indemnity Fund. The joint petition was approved by order March 27, 1957, and thereafter a motion to determine the disability was filed and a hearing conducted on May 3, 1958.

Four doctors filed reports at this hearing and the former hearing on the joint petition which reports were by agreement used to determine the nature and extent of the disability. Although one doctor stated that in his opinion the injury to the finger caused a disability to the hand, the three other doctors stated there was an injury to the finger alone. Under this testimony the State Industrial Commission found that the disability to the finger could not be combined with the previous disability. The finding must be sustained under the rule announced in Special Indemnity Fund v. Davidson, 196 Okl. 118, 162 P.2d 1016, 1017, wherein it is stated:

"There is no statutory authority for translating total or partial loss of minor specific members consisting of thumbs, fingers and toes into injuries to other specific members or into injuries to the body as a whole without competent evidence in support thereof."

Claimant cites Special Indemnity Fund v. James, 199 Okl. 624, 189 P.2d 171, in which it is stated that whether an injury to one or more fingers constitutes a disability to the hand is a question of fact and argues that the trial commissioner ruled as a matter of law that the finger could not be combined with the prior disability. We do not agree. The pertinent part of the order deying the disability is as follows:

"Now on this 7 day of June, 1957, the State Industrial Commission being regularly in session, the above entitled cause comes on for consideration, pursuant to hearing had at Oklahoma City, Oklahoma on May 31, 1957, before D. H. Cotten, Trial Judge, at which time the claimant appeared in person and by his attorney, John

Booth, and respondent being represented by Jack Baird; and the Trial Judge being advised in the premises, finds:

"That claimant sustained an injury to the index finger in 1956 and said injury to the finger is not combinable with the previous injuries and, therefore, claimant's claim as against the Special Indemnity Fund herein should be denied."

It is true that the question presented is one of fact and not of law and had the only evidence been of a disability to the hand and the trial commissioner had found that as a matter of law it could not be combined, even though the evidence showed a disability to the hand, the argument would be pertinent. But the finding above is that there was a disability only to the finger and that finding is supported by the evidence of three doctors. See, in this connection, Special Indemnity Fund v. Pool, 198 Okl. 496, 180 P.2d 165, and Special Indemnity Fund v. Ring, 199 Okl. 685, 189 P.2d 939.

There is competent evidence reasonably tending to support the finding that the disability was to the finger alone.

The order denying the award is sustained.